favors the implication of a special or limited agency to act on behalf of Borden's. Such a construction is not, it seems to us, against the manifest weight of the evidence but is rather in line with such evidence as there was. A contrary theory of an unauthorized person acting strictly in her own interest is merely an interpretation by the petitioner. We think this construction of the circumstances is overcome by Mrs. Addington's direct testimony that she acted on the basis of her conversation with Standly that she should go to the court house and pay the taxes to redeem the property.

The inference from the conversation that she was acting on behalf of Borden's is not defeated by the fact that it was in her own interest to do so. The court found sufficient evidence of agency to give her standing and we do not feel such finding was against the manifest weight of the evidence.

The judgment of the trial court is therefore affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.

---

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL T. SEYMOUR, Defendant-Appellant.

(No. 74-245; ■■■■■■■■■■)

Second District (1st Division)—July 2, 1975.

Opinion by Mr. JUSTICE HALLETT.

Douglas F. Comstock and Donald L. Gimbel, both of Geneva, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, and Martin P. Moltz, of Illinois State's Attorneys Association, of counsel), for the People.